## PRIOLEAU v. SUPERINTENDENT OF WASHINGTON ASYLUM AND JAIL.

(Court of Appeals of District of Columbia.
Submitted October 8, 1924. Decided
November 3, 1924.)

No. 4104.

I. **Habeas corpus** ⟜113(12) — Averments of petition taken as true on appeal from judgment sustaining motion to quash petition.

On appeal from judgment sustaining motion to quash petition for habeas corpus, the averments of the petition must be taken as true.

2. **Criminal law** ⟜1083—Police court could not commit defendant to jail after execution of bond staying execution.

Where defendant, convicted in police court of violating Code, § 824, applied for writ of error, presented properly prepared bill of exceptions to trial judge, and filed bond staying execution of sentence, as required by section 227, and where the trial court did not refuse to sign bill of exceptions, but retained bill beyond time specified by Rules of Court of Appeals, No. XXVI, police court had no power to commit defendant to jail.

3. **Habeas corpus** ⟜3—Defendant, committed to jail in police court after execution of bond staying execution of sentence, could petition for writ of habeas corpus.

Defendant, committed to jail after execution of bond staying execution until final disposition of application for writ of error, in case in which trial court did not refuse to sign bill of exceptions, could petition for writ of habeas corpus, and was not required to proceed by mandamus.

Appeal from the Supreme Court of the District of Columbia.

Petition for writ of habeas corpus by Aaron P. Prioleau against the Superintendent of the Washington Asylum and Jail. Judgment of dismissal, and petitioner appeals. Reversed and remanded.

E. R. Kelly, of Washington, D. C., for appellant.

Peyton Gordon and J. H. Burnett, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from a decision in the Supreme Court of the District of Columbia, dismissing a petition for a writ of habeas corpus. The material averments of the petition are as follows:

Appellant was convicted in the police court of a violation of section 824 of our Code, punishing unlawful entry upon private property, and sentenced to 30 days in jail and to pay a fine of $50, and in default of payment of the fine to serve an additional 30 days. He duly noted his intention of appeal, duly presented a properly prepared bill of exceptions to the trial judge, and filed an appeal bond as required by statute. More than 16 months thereafter, the court still retaining the bill of exceptions, appellant was committed to jail for the purpose of serving the sentence imposed. Thereupon the petition herein was filed, and was met by a motion to quash, which the court below sustained.

Section 227 of the District Code, governing the issuance of writs of error to the police court, provides, inter alia, for the giving of notice in open court of an intention to apply for the writ, and "that the defendant seeking an appeal shall then and there enter into recognizance, with sufficient surety to be approved by the judge of the police court, conditioned that in the event of a denial of his application for a writ of error he will, within five days next after the expiration of said ten days appear in said police court and abide by and perform its judgment, and that in the event of the granting of such writ of error he will appear in said Court of Appeals of the District of Columbia and prosecute the writ of error and abide by and perform its judgment in the premises. Upon failure of any defendant to enter into the recognizance provided for in this section the sentence of the police court shall stand and be executed; *otherwise execution shall be stayed pending proceedings upon his application for a writ of error and until final disposition thereof by the said Court of Appeals.*" (Italics ours.)

Rule XXVI of this court provides in part as follows: "And which bill of exceptions, if properly prepared, or after correction by the judge [of the police court], shall be signed by the judge within 10 days after the same has been presented to him, unless the time is extended by order of the judge before the 10 days have expired, and the judge shall file the same in the cause immediately after signing the same."

[1-3] According to the averments of the petition, which must be taken as true, appellant had complied with statutory provisions and the delay in filing the bill of exceptions was attributable solely to the trial judge. Appellant having complied with the provisions of the statute, execution of his

sentence was, by the mandate of the statute, "stayed pending proceedings upon his application for a writ of error and until final disposition thereof by the said Court of Appeals." It follows that the police court was without power to commit appellant to jail and that the attempt to do so was wholly nugatory. In such a situation, the writ of habeas corpus is the proper remedy.

In Draper v. Davis, 102 U. S. 370, 26 L. Ed. 121, an appeal had been taken to the Supreme Court and an appeal bond duly approved by the trial court. Thereafter the trial court required the appellant to file an additional bond. Thereupon, fearing, as he alleged, that the court below would proceed to carry its decree into effect pending his appeal, appellant prayed the issuance of a writ of supersedeas. The Supreme Court ruled: "The power of the justice over the appeal and the security, in the absence of fraud, was exhausted when he took the security and signed the citation. From that time the control of the supersedeas as well as the appeal was transferred to this court. * * * It follows that the supersedeas, which resulted from the taking of the security on the 29th of June, is still in force and has never been vacated. Consequently the court below is without power at this time to proceed with the execution of the decree appealed from, and we will presume that upon an intimation of that kind from us it will not attempt to do so."

In Goldsmith v. Valentine, 35 App. D. C. 299, an appeal had been noted from an order in the Supreme Court of the District awarding the custody of a child and a supersedeas bond had been filed. Notwithstanding this, the court signed an order temporarily transferring the custody of the child to another party. In considering the petition for a writ of supersedeas we said: "The sole question with which we are now concerned is whether the court had jurisdiction to enter said order, the cause in which it was entered having been appealed to this

court and a supersedeas bond having been filed. * * * Upon the perfecting of said appeal, the court below was ousted of its jurisdiction, and the cause transferred to this court. [Cases cited.] The effect of the order of the court below might, and probably would, render futile the appeal taken. Such a situation cannot, of course, be permitted. The parties to the appeal are entitled to have the status quo maintained during its pendency. Certainly, after they have given a bond to stay all further action until the determination of their appeal, they ought not to be put in a position where they could be kept out of the rights determined in that appeal."

The bond in the present case was in substance and effect a supersedeas bond and, as already stated, the court was without authority to commit appellant at the time commitment was attempted. But, it is urged, the proper remedy was by way of mandamus. It is true that, had the trial court without cause refused to sign the bill of exceptions, mandamus would have been the proper remedy. In such a situation the status quo would not have been disturbed until determination of the petition for mandamus. But in the present case the judge did not refuse to sign the bill of exceptions, and appellant was under no legal obligation to anticipate the court's action. After he had been committed to jail, it is apparent that a petition for mandamus would have afforded appellant no relief, for the obvious reason that he would have served his sentence long before that petition could have been finally determined. The effect of the commitment, therefore, as we suggested in the Goldsmith Case, was to render futile the appeal taken.

The court having no power to commit the defendant, it follows that the writ prayed should have been issued and appellant discharged. The judgment, therefore, is reversed, with costs, and cause remanded for further proceedings.

Reversed and remanded.